## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NATHAN REARDON | No. 1:21-cr-00061-LEW |

### OPPOSITION TO MOTION TO RECUSE

The Court should deny Defendant's Motion to Recuse as frivolous. *See* Dkt. #210, Aug. 29, 2024 (the "Motion" or "Mot."). Defendant, claiming that the Court has not been "impartial and that there is some sort of personal animus" at play (Mot. at 7), requests recusal under both the general and enumerated standards of 28 U.S.C. § 455. *See id.* § 455(a) ("[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned"); 455(b)(1) (listing "a personal bias or prejudice concerning a party" as grounds for recusal). While the statute "forbids not only the reality of partiality but its objective appearance as well," *see United States v. Snyder*, 235 F.3d 42, 45 (1st Cir. 2000), such concerns are wholly absent from this case.

Defendant's claims of real or perceived impartiality bear no relationship to reality. What he mistakenly cites as personal attacks and deliberate reputational harm are instead the Court's dispassionate rulings and recitation of the evidence underlying each phase of this case. Defendant committed bank fraud, violated the terms of his bail, and, following his conviction, violated the conditions of his supervised release. The Court's decisions and statements merely addressed what Defendant did, why he did it,

1

and his characteristics throughout. The Court's accurate, unvarnished discussions and treatment of Defendant thus present no basis for recusal. The facts, unflattering to Defendant as they might be, are the facts.

The lack of introspection displayed by Defendant through the Motion, bordering on the solipsistic, presents precisely the kind of "unsupported, irrational, or highly tenuous speculation" the First Circuit has identified as being insufficient grounds for recusal. *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981); *see also United States v. Gottesfeld*, 18 F.4th 1, 17 (1st Cir. 2021) (*quoting United States v. Bayless*, 201 F.3d 116, 127 (2d Cir. 2000)) (recusal not required on the basis of "remote, contingent, indirect[,] or speculative interests"). Defendant's continued failure to acknowledge and accept his criminally fraudulent conduct minimizes to the point of invisibility the seriousness of his offenses. His unwillingness to take stock of the truth, however, does not elevate his perceived grievances to an actionable level under 28 U.S.C. § 455.

Accordingly, because there is no reasonable question about the Court's impartiality, the Motion should be denied.

Dated: September 18, 2024
      Bangor, Maine

DARCIE N. MCELWEE
United States Attorney

/s/ Andrew K. Lizotte
ANDREW K. LIZOTTE
Assistant United States Attorney
United States Attorney's Office
202 Harlow Street
Bangor, Maine 04401
(207) 945-0373
Andrew.Lizotte@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and sent a copy via first-class mail to the following:

>Nathan Reardon
>P.O. Box 52
>Detroit, ME 04929

>/s/ Andrew K. Lizotte
>ANDREW K. LIZOTTE
>Assistant United States Attorney