# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NATHAN REARDON | Case No. 1:21-cr-00061-LEW |

### OPPOSITION TO MOTION FOR RETURN OF PROPERTY
### PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 41(G)

The Government, by and through undersigned counsel, opposes Defendant Nathan Reardon's *pro se* Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g) (the "Motion" or "Mot.," Dkt. #231, Mar. 14, 2025). By his Motion, Defendant seeks the return of a passport (his own) as well as the return of two firearms (allegedly not his own) to third-parties. Mot. at 3.

Defendant's passport was not "seized." *Contra* Mot. 1-3. It was instead surrendered by Defendant as a condition of his bail. *See* Dkt. #16, Apr. 16, 2021. Rule 41(g) therefore does not apply. That said, the Government has no objection to Defendant retrieving his passport from the Clerk's Office. The Government has confirmed with the assigned U.S. Probation Officer that Defendant could have retrieved his passport at any time, and may do so now without any further delay on his part.

As to the two firearms, Rule 41(g) does not empower Defendant to pursue the relief requested. The rule provides:

> *A person aggrieved* by an unlawful search and seizure of property or by the deprivation of property *may move for the property's return.* The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

1

*Id.* (emphasis added). Post-conviction Rule 41(g) motions are treated as civil complaints for equitable relief. *See United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995). Where "the defendant is not entitled to lawful possession of the seized property," though, a "Rule 41(g) motion is properly denied." *United States v. Pierre*, 484 F.3d 75, 87 (1st Cir.2007) (quoting *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993)).

Here, Defendant lacks standing to move for the return of the firearms because he is not a "person aggrieved." FED. R. CRIM. P. 41(g). Defendant asserts that he neither owned nor possessed the firearms. Mot. at 2. Rather, the firearms allegedly "belong to third parties"—Defendant's wife, Heather Reardon, and his father, Arthur Reardon. *Id.* at 1-3. Consequently, he "is not entitled to lawful possession[1] of the seized property," and the Motion "should be denied." *Pierre*, 484 F.3d at 87. Relatedly, Defendant—as a non-lawyer—is barred from litigating the interests of his wife and his father in personal property. *See* 28 U.S.C. § 1654 (in federal courts parties may only "plead and conduct their own cases personally or by counsel"). "By law an individual may appear in federal courts only *pro se* or through legal counsel," and not through "third-party lay representation." *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982).

WHEREFORE, the Government respectfully requests that the Motion be denied for the reasons stated herein.

---

[1] Defendant also is "barred by [18 U.S.C.] § 922(g)(1) due to his non-violent felony convictions," although he is currently challenging the constitutionality of that prohibition as it applies to him. *See* Dkt. #232 at 1, Mar. 20, 2025.

| | |
|---|---|
| Dated: March 31, 2025<br>Bangor, Maine | Respectfully submitted<br><br>CRAIG M. WOLFF<br>Acting United States Attorney<br><br><u>/s/ Andrew K. Lizotte</u><br>Andrew K. Lizotte, AUSA<br>202 Harlow Street<br>Bangor, ME 04401<br>(207) 262-4636<br>Andrew.Lizotte@usdoj.gov |

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 31, 2025, I electronically filed the foregoing using the CM/ECF system, which will send an electronic notification of such filing to all counsel of record, and that I have further caused the same to be mailed to Defendant's last known address of record.

                                               CRAIG M. WOLFF
                                               Acting United States Attorney

                                               /s/ Andrew K. Lizotte
                                               Andrew K. Lizotte, AUSA
                                               202 Harlow Street
                                               Bangor, ME 04401
                                               (207) 262-4636
                                               Andrew.Lizotte@usdoj.gov