# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

NATHAN REARDON

Case No. 1:21-cr-00061-LEW

**OPPOSITION TO MOTION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF TO RESTORE SECOND AMENDMENT RIGHTS**

The Government, by and through undersigned counsel, opposes Defendant Nathan Reardon's *pro se* Motion for Declaratory Judgment and Injunctive Relief to Restore Second Amendment Rights (the "Motion" or "Mot.," Dkt. #232, Mar. 20, 2025), filed in the above-captioned criminal matter. By his Motion, Defendant "moves this Court to declare 18 U.S.C. § 922(g)(1) unconstitutional as applied to him and to enjoin its enforcement, thereby restoring his Second Amendment right to keep and bear arms." Mot. at 1. A declaratory judgment and permanent injunction are sought. *Id*. at 2.

The Motion should be denied without prejudice to Defendant proceeding—if the Court deems it appropriate—in accordance with the Federal Rules of Civil Procedure. The Motion is pending here in Defendant's previous criminal case. However, "[t]here is one form of action—the civil action," and any such "civil action [must be] commenced by filing a complaint with the court." FED. R. CIV. P. 2 & FED. R. CIV. P. 3; *see also Clarke v. Brewer*, 18-cv-11880, 2018 WL 3770033, at *1 (E.D. Mich. Aug. 9, 2018) ( "[b]efore a complaint is filed, no action has 'commenced,' and the court lacks subject matter jurisdiction to grant relief"). Defendant, who is no stranger to filing civil lawsuits with

1

this Court,[1] is therefore unable to seek civil declaratory and injunctive relief in his criminal case.

The Government is mindful, however, that "less stringent standards" nevertheless apply to *pro se* litigants' filings, which must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The Motion arguably approximates the pleading elements required under Federal Rule of Civil Procedure 8(a) and bears some resemblance to a pleading. Accordingly, the Government suggests docketing the Motion as a complaint on a new civil docket and proceeding (if at all) following the issuance of the necessary summons and scheduling order.

WHEREFORE, the Government respectfully requests that the Motion be denied, but transferred to a new civil docket where the action may progress in accordance with the Federal Rules of Civil Procedure.

Dated: March 31, 2025  
       Bangor, Maine

Respectfully submitted

CRAIG M. WOLFF  
Acting United States Attorney

 /s/ Andrew K. Lizotte  
Andrew K. Lizotte, AUSA  
202 Harlow Street  
Bangor, ME 04401  
(207) 262-4636  
Andrew.Lizotte@usdoj.gov

---

[1] *See Reardon v. Lowes Home Centers LLC*, 1:25-cv-00099-LEW (D. Me.); *Reardon v. United States*, 1:21-cv-00361-LEW (D. Me.); *Reardon v. Lowes Companies Inc.*, 1:21-cv-00362-LEW (D. Me.); *Reardon v. Tegna East Coast Broadcasting LLC*, 1:21-cv-00356-JDL (D. Me.).

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 31, 2025, I electronically filed the foregoing using the CM/ECF system, which will send an electronic notification of such filing to all counsel of record, and that I have further caused the same to be mailed to Defendant's last known address of record.

                                       CRAIG M. WOLFF
                                       Acting United States Attorney

                                       /s/ Andrew K. Lizotte
                                       Andrew K. Lizotte, AUSA
                                       202 Harlow Street
                                       Bangor, ME 04401
                                       (207) 262-4636
                                       Andrew.Lizotte@usdoj.gov