UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

UNITED STATES OF AMERICA
v.
NATHAN REARDON

Case No. 1:21-cr-00061-LEW

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE**

I, Nathan Reardon, respectfully submit this reply to the government's opposition (Dkt. #231) to my motion to modify the conditions of my supervised release (Dkt. #230, Mar. 11, 2025). I request that the court grant my motion to remove the conditions prohibiting self-employment and requiring participation in the Computer and Internet Monitoring Program for the following reasons:

1. **Full Compliance with Supervised Release for Over a Year**: I have been fully compliant with all conditions of my supervised release since my revocation hearing on October 13, 2023 (Dkt. #183-85), with no violations or issues reported by the U.S. Probation Office. At that hearing, I apologized to the court and my probation officer, committing to seek employment separate from my father's businesses and to comply fully with all conditions (Dkt. #183, pp. 19-20). My consistent compliance since then demonstrates my commitment to rehabilitation and adherence to the law, suggesting that the current restrictive conditions are no longer necessary to achieve the goals of supervised release, such as deterrence or public safety, as outlined in 18 U.S.C. § 3553(a).

2. **Electronic Monitoring Is Not Reasonably Related to My Offense**: The condition requiring electronic monitoring is not reasonably related to my offense of PPP bank fraud, as the offense did not involve significant use of the internet or electronic devices in a manner that would justify such a restriction. I have only had one bank loan in 25 years of operating a business, demonstrating that I am not a serial bank fraudster or a high-risk offender. Electronic monitoring imposes a significant deprivation of my privacy and liberty, which exceeds what is reasonably necessary under 18 U.S.C. § 3583(d). Furthermore, I believe I may be the only individual in the District of Maine charged with PPP-related bank fraud who is subject to this condition, suggesting that it is disproportionate compared to similarly situated defendants. I respectfully request that the court review whether this condition is standard for PPP fraud cases in this district and whether it remains necessary in my case.

3. **Self-Employment Ban Prevents Restitution and Rehabilitation**: At my initial sentencing on November 2, 2022 (Dkt. #155-59), the court indicated that a total ban on self-employment was overly restrictive and suggested a more balanced approach. Specifically, Judge Walker stated, "I also agree with Mr. Tzovarras that a total ban on

self-employment is probably a bridge too far. I think there is a middle ground to be had here. I think that the probation officer can work with Mr. Reardon to ensure that he is not in a position where he is managing money or has access to bank accounts, but I think a total ban on self-employment is probably overly broad" (Dkt. #155, p. 15). AUSA Lizotte responded, "We want to ensure that restitution is paid back as quickly as possible, and if some form of employment can achieve that while mitigating risks, we would be amenable to that" (Dkt. #155, p. 15). Despite these statements, the current condition imposes a broad prohibition on self-employment, which prevents me from earning a living and repaying restitution efficiently. At my revocation hearing on October 13, 2023, I expressed my desire to work to repay the loan, noting that I cannot achieve this goal while in jail (Dkt. #183, p. 20). Allowing me to engage in self-employment, with appropriate restrictions as the court suggested in 2022, would enable me to repay restitution more quickly, which aligns with the government's stated goal and the goals of rehabilitation and victim compensation under 18 U.S.C. § 3553(a). Given my compliance and the court's prior statements, I respectfully request that this condition be modified to allow self-employment, consistent with the "middle ground" approach the court intended.

**Conclusion**: For the reasons stated above, I respectfully request that the court grant my motion to modify the conditions of my supervised release by removing the requirements for electronic monitoring and the prohibition on self-employment. These modifications are warranted under 18 U.S.C. § 3583(e) and would better serve the goals of supervised release while allowing me to continue my rehabilitation and repay restitution. I also respectfully request a hearing on this motion to allow me to present additional evidence of my compliance and the court's intent at sentencing regarding the self-employment condition.

Dated: April 7, 2025
Bangor, Maine

Respectfully submitted,
Nathan Reardon
PO Box 52
Detroit, ME 04929
207-745-7575
nathan@membershipauto.com

**Certificate of Service**
I, Nathan Reardon, certify that on April 7, 2025, I served a copy of this reply on the government by mailing it via U.S. Postal Service to Andrew K. Lizotte, Assistant United States Attorney, at 202 Harlow Street, Bangor, ME 04401.

Dated: April 7, 2025
Nathan Reardon