## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

NATHAN REARDON

No. 1:21-cr-00061-LEW

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STAY ENFORCEMENT OF RESTITUTION PENDING APPEAL

The United States of America, by and through its attorneys, Andrew B. Benson, United States Attorney for the District of Maine, and Joel B. Casey, Assistant United States Attorney, submits this response to the defendant's motion to stay enforcement of restitution pending appeal. Dkt. # 340. In his motion, the defendant seeks a complete stay of enforcement of his restitution obligation during his "active appellate and post-conviction proceedings." The motion should be denied.

Federal Rule of Criminal Procedure 38(e) provides that if a defendant appeals, the district court "may stay—on any terms considered appropriate—any sentence providing for restitution under 18 U.S.C. § 3556 …." Fed. R. Crim. P. 38(e)(1). In deciding whether to exercise its discretion, the Court should be guided by certain factors. *See Nken v. Holder*, 556 U.S. 418, 434 (2009)(setting forth factors). *See also United States v. Razzouk*, 2018 WL 3574868 (E.D.N.Y. July 25, 2018) (applying *Nken* factors in ruling upon a motion to stay enforcement of restitution order).

The defendant's motion – based on "active appellate and post-conviction proceedings" -  is meritless. The defendant's various appeals and cases filed in this Court and the Court of Appeals are uniformly frivolous.[1]  The Court should not order

---

[1] In one of his closed appeals to the First Circuit, 22-1883, the Court issued an order on March 12, 2026, denying his motion for limited remand and directing the clerk "not to accept any further filings from Appellant in this closed appeal." The court issued a similar order in another closed appeal filed by the defendant.  *See* 23-1855. The

the stay of the Government's obligation to enforce the Order of restitution based upon these or other actions the defendant pursues in this Court or the Court of Appeals.

The defendant does not offer any analysis of the *Nken* factors that he contends weigh in favor of a stay. If the mere filing of an action or a post-judgment motion were all that was required to obtain a stay of a restitution order, then any defendant could obtain stay after stay by filing one frivolous action or post-judgment motion after another and appealing their dismissal or denial and thereby cause delay and frustrate the restitution rights of his victims. The fact of the matter is that "[i]t takes time to decide a case on appeal. Sometimes a little; sometimes a lot." *Nken*, 556 U.S. at 421.

The motion should be denied. If the Court determines that it is in any way non-frivolous, the Government respectfully requests the opportunity to supplement this response. If the Court concludes that the motion is frivolous, however, it should consider placing some limits on the defendant's motion practice. *See United States. v. Gómez-Rosario*, 418 F.3d 90, 101 (1st Cir. 2005) (federal courts may "enjoin a party— even a *pro se* party—from filing frivolous and vexatious motions")

Dated: May 27, 2026

Respectfully submitted,

Andrew B. Benson
United States Attorney

/s/Joel B. Casey
Supervisory Assistant U.S. Attorney
United States Attorney's Office
202 Harlow Street
Bangor, ME 04401

---

defendant has filed several other appeals that he claims are connected to this case. *See* 24-1724, 24-1995, 25-1460, 25-1855, 25-2160, 25-1628, 25-8029, and 26-1080. None have been successful. In addition, the defendant has fifteen open appeals, some of which he contends are connected in one way or another to his prosecution in this case. *See* 25-1793, 25-1870, 25-2031, 25-8029, 25-2160, 25-2198, 25-2212, 26-1119, 26-1198, 26-1230, 26-1379, 26-8022, 26-1525, 26-1526, and 26-1527. It appears the defendant has filed twenty separate civil actions in this Court, some of which he claims are related to his prosecution. In *Reardon v. Domonski*, 1:25-cv-00268-JAW, Dkt. # 10 (June 30, 2025), this Court issued an Order directing that the defendant "shall not bring any additional *pro se* complaints within this District without first obtaining an order allowing the filing. *See Cok v. Family Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993).

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, I filed the Government's Response to defendant's motion to stay enforcement of restitution pending appeal using the CM/ECF system and mailed a copy of the same to:

Nathan Reardon
P.O. Box 52
Detroit, Maine 04929

/s/Joel B. Casey
Supervisory Assistant U.S. Attorney
United States Attorney's Office
202 Harlow Street
Bangor, Maine 04401